**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLARENCE D. JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-CV-135-NAB |
| | ) | |
| ILLINOIS CHILD FAMILY SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the submission by self-represented plaintiff Clarence D. Johnson of a civil complaint and a "Motion for Indigency Requirements," construed by the Court as an application to proceed without prepaying court fees or costs. ECF Nos. 1-2. Upon consideration of the application and the financial information provided therein, the Court finds that plaintiff is unable to pay the required filing fee. Thus, the Court will waive the filing fee in this matter. 28 U.S.C. § 1915(a)(1).

However, upon review of the complaint, the Court will dismiss this case without prejudice. Liberally construing the allegations of the complaint, the Court cannot articulate any factual or legal basis for a claim. The complaint is mostly unintelligible and completely devoid of any factual allegations that could form the basis of a claim for relief. Plaintiff appears to have filed similar complaints in courts across the country against some of the same defendants. As such, the complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted and for being malicious. Furthermore, based on the minimal pleadings, there is no basis upon which to conclude that venue lies in this Court. Therefore, the complaint is also subject to dismissal for improper venue under 28 U.S.C. § 1391(b).

## The Complaint

According to the return address on plaintiff's filings, he is a resident of Chicago, Illinois. Although plaintiff is not a prisoner, he filed his complaint on a form "designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement." ECF No. 1 at 1. Plaintiff names six defendants: (1) Illinois Child Family Services; (2) President Joe Biden; (3) Former President Donald Trump; (4) Former President Barack Obama; (5) United Nations; and (6) Queen Elizabeth. *Id.* at 1-3. He states that the legal basis of his complaint is "Federal Statute International Law." *Id.* at 1.

In the 'Statement of Claim' section of the complaint, plaintiff refers to an FBI report and states: "federal + state judicial treason charges." *Id.* at 5. Plaintiff attached a notarized page of handwritten notes with multiple phrases, not in any sentence or paragraph form. Some of the phrases include: "Crime Victims Information," "FCC Extortion," "Media Law," "Constitutional Crimes Foreign Policy Guidelines," and "medical crimes." *Id.* at 6. He refers to Canada and Quebec multiple times and includes random numbers.

There are two additional attachments to the complaint. One appears to be a photocopy of a listing of U.S. Environmental Protection Agency (EPA) Regional Offices with marks emphasizing the listings for Region 5 and 9. *Id.* at 7. The attachment includes handwritten notes labeling the document as "Foreign Policy" and stating: "EPA violations OSHA law" and "Libraries are signed off or in other states by Librarians." *Id.* The final attachment is a Physicians Mutual document titled "Notice of Compliance with the Illinois Religious Freedom Protection and Civil Union Act." *Id.* at 8. It contains handwritten notes stating: "Identity Theft Insurance Fraud Biden Trump Obama." *Id.* Plaintiff does not state what relief he seeks in this matter.

**Plaintiff's Background**

In the 'Litigation History' section of his complaint, plaintiff refers to multiple case numbers and describes his other lawsuits as involving crimes of bribery and treason. ECF No. 1 at 3-4. A search of court records for plaintiff Clarence D. Johnson, residing at the same address in Chicago, indicates that plaintiff has filed many cases in courts across the United States. In fact, plaintiff currently has a complaint pending review under 28 U.S.C. § 1915(e) in the Middle District of Alabama in which he also named as defendants Illinois Child Family Services, Joe Biden, Donald Trump, Barack Obama, and United Nations. *Johnson v. Paul*, No. 2:21-cv-73-MHT-SRW (M.D. Ala. Jan. 26, 2021). Recently, plaintiff has had multiple cases dismissed because the complaints were unintelligible, incomprehensible, or largely illegible and therefore failed to state a claim for relief. *See Johnson v. D.O.T.*, No. 3:20-cv-1401-HES-MCR, ECF Nos. 14-15 (M.D. Fla. dismissed Feb. 17, 2021) (includes named defendants "Trump and Obama Administration" and United Nations); *Johnson v. Director of Energy*, No. 2:20-cv-11314-JGB-JC, ECF No. 4 (C.D. Cal. dismissed Dec. 21, 2020) (includes named defendants Trump, Obama, Biden, and United Nations); *Johnson v. US Judges*, No. 3:20-cv-832-NJR, ECF No. 9 (S.D. Ill. dismissed Sept. 23, 2020) (includes named defendants Trump, Obama, and United Nations).

**Discussion**

**I. Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

An action is malicious when it is undertaken with the intent to harass or if it is part of a longstanding pattern of abusive and repetitious lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See also Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether

an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

**II. Instant Complaint: Failure to State a Claim and Malicious**

Liberally construing the complaint in this case, the Court can discern no valid claim for relief. The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented plaintiffs are required to set out not only their alleged claims in a simple, concise, and direct manner, but also the facts in support of such claims. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). The complaint contains random phrases with no complete sentences or coherent arguments. It is unintelligible and incomprehensible. The words and legal references do not provide any factual basis for a valid legal claim. In addition, the complaint fails to assert how any of the named defendants caused plaintiff any harm. For these reasons, the complaint is subject to dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2). *See Neitzke*, 490 U.S. at 325.

Furthermore, this action is also subject to dismissal as malicious. Plaintiff has filed civil actions in courts across the country, composed in roughly the same manner of unintelligible phrases, against basically the same group of defendants. It appears that this action is part of an attempt to harass these defendants by bringing repetitious lawsuits, not a legitimate attempt to vindicate a cognizable right. *See Tyler*, 839 F.2d at 1292-93 (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-64 (E.D. N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right).

## III. Improper Venue

In addition, plaintiff has alleged no basis upon which to conclude that venue lies in this Court. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction. If venue is improper, the Court must either dismiss the action or, if it is in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

It does not appear that any named party is located in this judicial district. Nor does plaintiff allege any events or omissions that could be understood to give rise to any claim within this district. Based on a reading of plaintiff's complaint, there is absolutely no indication as to why plaintiff filed this suit in this Court. It appears plaintiff is just filing cases against the same defendants with courts across the country, regardless of whether venue is proper. In sum, none of the requirements of § 1391 are present in this case and venue is therefore improper. As such, this Court may either dismiss the action or, if it is in the interest of justice, transfer the case to the district in which it could have been brought. Here, it is not in the interest of justice to transfer this case because it is also subject to dismissal for failure to state a claim.

## IV. Conclusion

Having considered the instant complaint, as well as plaintiff's recent history of engaging in abusive litigation practices, the Court concludes that it would be futile to permit plaintiff leave

to file an amended complaint in this action. The Court will therefore dismiss this action for failure to state a claim upon which relief may be granted, for being malicious, and for improper venue. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(a).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Indigency Requirements," construed as an application to proceed without prepaying court fees or costs [ECF No. 2], is **GRANTED** and the filing fee is waived.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted, for being malicious, and for improper venue.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of April, 2021.

Ronnie L. White

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE